IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHUBHAM SHUBHAM, | : | No. 3:26cv1343 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| ANGELA HOOVER, in official | : | |
| capacity as Warden of the Clinton | : | |
| County Correctional Facility; BRIAN | : | |
| MCSHANE, in his official capacity as | : | |
| Field Office Director of the | : | |
| Philadelphia Field Office of | : | |
| Enforcement and Removal | : | |
| Operations, U.S. Immigrations and | : | |
| Customs Enforcement; TODD M. | : | |
| LYONS, in his official capacity as | : | |
| Acting Director, U.S. Immigration and | : | |
| Customs Enforcement (ICE); | : | |
| MARKWAYNE MULLIN, in official | : | |
| Capacity as Secretary, U.S. | : | |
| Department of Homeland Security, | : | |
| Respondents | : | |

.........................................................................................................................

## MEMORANDUM ORDER

Before the court is a petition for writ of habeas corpus filed by Petitioner

Shubham Shubham pursuant to 28 U.S.C. § 2241. (Doc. 1, Pet. ¶ 1).  Petitioner

challenges his present detention at the Clinton County Correctional Facility in

McElhattan, Pennsylvania ("Clinton CCF") by Immigration and Customs

Enforcement ("ICE") and the Department of Homeland Security ("DHS"). (Id.)

For the reasons set forth below, the petition will be granted in part.  The

respondent will be directed to provide the petitioner with a bond hearing before an immigration judge ("IJ") within 14 days.[1]

Shubham is a native and citizen of India. (Doc. 3-2, Resp. Ex. 1, First Form I-213 at 2). The record indicates that he is single and has no children. (Id.) The record also indicates that Shubham is employed as a truck driver. (Id.)

Shubham acknowledges that he entered the United States without inspection near Lukeville, Arizona, on or about May 1, 2023 without having been admitted or paroled. (Id. at 3; see also Doc. 1, Pet. ¶ 62). Upon his entry, Border Patrol agents apprehended him and transported him to the Tucson Coordination Center for further processing. (Id. Second Form I-213 at 6). Shubham was then served with a Notice to Appear charging him as removable pursuant to Section 212(a)(6)(A)(i) of the INA. (Id.) At some point thereafter, petitioner was released from immigration custody.

Shubham has a criminal history. On May 2, 2025, the Hemlock Township Police Department arrested him near Bloomsburg, Pennsylvania, and charged him with promoting prostitution, indecent assault, false imprisonment, and

---

[1] Federal district courts are authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Shubham filed the instant petition while detained at Clinton CCF which is located in the Middle District of Pennsylvania. The petitioner asserts that his continued detention violates his right to due process. He also asserts that the wrong provision of the Immigration and Nationality Act ("INA") is being used to justify his detention. Thus, the court has habeas jurisdiction over the petition. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).

2

harassment.[2] (Id. Resp. Ex. 1, Form I-213 at 3).  That same day, ICE Enforcement and Removal Operations ("ERO") officers encountered the petitioner while he remained in custody. (Id.)  ICE ERO then issued a warrant for Shubham's arrest and lodged an immigration detainer against him. (Doc. 3, Resp. Br. at 7).

On November 3, 2025, Shubham was convicted in the Court of Common Pleas of Columbia County, Pennsylvania, of harassment and disorderly conduct and was sentenced to a consecutive term of 45 to 90 days' imprisonment with credit for 90 days. (Doc. 3-2, Resp. Ex. 1, Form I-213 at 3).  According to respondents, Shubham remained incarcerated on the state charges from May 2, 2025 until November 4, 2025. (Doc. 3-4, Ex. 3 at 2-3).

On November 4, 2025, Shubham was taken into ICE custody. (Doc. 3-5, Ex. 4, Alien Address at 3).  The following day, DHS notified the Elizabeth Executive Office for Immigration Review ("EOIR") that Shubham was detained at

---

[2] According to the criminal complaint, on May 2, 2025, Shubham parked his truck at a Travel Center of America facility. (Doc. 3-4, Criminal Complaint at ECF p. 9).  Shubham allegedly made unwanted sexual advances toward a female employee while she was escorting him to a shower. (Id.)  The Commonwealth alleged that Shubham asked the employee whether she was single. (Id.)  After responding that she was not, Shubham allegedly made sexually suggestive gestures and offered her money, which the employee understood as solicitation for sex. (Id.)  It was further alleged that Shubham followed the employee down a hallway and blocked her path. (Id.)  In an area not visible to others, petitioner allegedly reached under the employee's shirt, grabbed her breast, and pressed his body against hers. (Id.)  Eventually, the employee was able to push past Shubham and lock herself behind a door. (Id.)

Clinton CCF. (Id.)  Shubham has remained in ICE custody since that time. (Doc. 3, Resp. Br. at 8; Doc. 1, Pet. ¶ 17).

On March 20, 2026, an IJ ordered Shubham removed to India. (Doc. 3-6, Resp. Ex. 5, Order of Removal at 3).  The IJ found the petitioner inadmissible under Sections 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the INA because he entered the United States without being admitted or paroled and lacked valid entry documents. (Id. at 1).  Additionally, the IJ denied Shubham's applications for asylum, withholding of removal, and protection under the Convention Against Torture. (Id.)

Petitioner reserved his right to appeal the removal order. (Id. at 4).  On April 29, 2026, the Board of Immigration Appeals ("BIA") acknowledged receipt of Shubham's appeal. (Doc. 3-7, Ex. 6, BIA Receipt).  That appeal remains pending.[3]

With his petition for writ of habeas corpus, Shubham argues that he is unlawfully detained as the result of the government's misapplication of 8 U.S.C. § 1225(b)(2)(A), a mandatory detention statute.  Per the petitioner, his detention is governed by 8 U.S.C. § 1226(a), a discretionary detention statute.  Petitioner further argues that, due to this misclassification, his due process rights are being

---

[3] See Executive Office for Immigration Review ("EOIR") Automated Case Information at: https://acis.eoir.justice.gov/en/ (last accessed July 1, 2026).

violated because he has not been provided with a bond hearing.  Petitioner requests his immediate release from detention. (See Doc. 1, Pet. ¶ 74).

On behalf of respondents, the United States Attorney's Office for the Middle District of Pennsylvania asserts that 8 U.S.C. § 1225(b)(2)(A) applies to the petitioner and that his detention does not violate the INA or the Due Process Clause of the Fifth Amendment.[4]  Two appellate decisions align with the respondents' reading of Section 1225, Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026) and Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026).  This manner of statutory construction authorizes indefinite confinement of individuals like the petitioner.

On the other hand, the Second Circuit Court of Appeals, the Sixth Circuit Court of Appeals, and the Eleventh Circuit Court of Appeals, and at least 370 federal district court judges, including the undersigned, reject the government's reading of Section 1225.[5] See Barbosa da Cunha v. Freden, 175 F.4th 61, 78 (2d

---

[4] Respondents contend that the only proper respondent is Angela Hoover, the Warden of Clinton CCF. (Doc. 3, Resp. Br. at 23).  Here, consistent with Padilla, Shubham has named the Warden as a respondent. 542 U.S. at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent.").  Because petitioner has named a proper respondent, the court need not determine whether the remaining respondents should be dismissed.

To the extent that Angela Hoover is the only proper respondent in this matter, Hoover is acting as an agent of ICE and the government will be bound by the order. See Vadel v. Lowe, No. 3:25-CV-02452, 2025 WL 3772059, at *1, n.1 (M.D. Pa. Dec. 31, 2025).

[5] This total also includes all judges in the Middle District of Pennsylvania to consider the issue. See Quispe v. Rose, 819 F. Supp. 3d 362, 372 (M.D. Pa. 2025) (Mehalchick, J.); Patel v.

Cir. 2026); Lopez-Campos v. Raycraft, 175 F.4th 713, 731-32 (6th Cir. 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1280-81 (11th Cir. 2026); see also Castanon-Nava v. U.S. Dep't of Homeland Sec., 175 F.4th 828, 856 (7th Cir. 2026) (Lee, J.) (portion of lead opinion not joined by concurring judge).  The respondents indicate their awareness of these prior outcomes. (Doc. 3, Resp. Br. at 3-4) (collecting cases).  The court thus reads the response as not contesting the facts of Shubham's petition and only preserving a narrow Section 1225(b)(2)(A) versus Section 1226(a) legal argument for appellate purposes.

 With respect to this matter, the court sees no reason to deviate from Hernandez Alvarez, Barbosa da Cunha, Lopez-Campos, or its prior decisions.[6] Because the parties frame Shubham's detention as governed by either of these

---

O'Neil, No. 3:25-CV-2185, 2025 WL 3516865 at *5 (December 8, 2025) (Mariani, J.); Nossov v. Hoover, No. 1:25-2562, 2026 WL 711691, at *3 (M.D. Pa. Mar. 13, 2026) (Mannion, J.); Diaz Aparicio v. Lowe, No. 3:25-CV-02413, 2026 WL 526702, at *8 (M.D. Pa. Feb. 25, 2026) (Saporito, J.); Romero v. Lowe, No. 4:26-CV-00009, 2026 WL 296215, at *5 (M.D. Pa. Feb. 4, 2026) (Brann, C.J.); Hernandez v. Kunes, No. 1:25-CV-01847, 2026 WL 411726, at *5 (M.D. Pa. Feb. 13, 2026) (Wilson, J.); Chaudhari v. Rose, No. 3:26-CV-242, 2026 WL 540378, at *6 (M.D. Pa. Feb. 26, 2026) (Neary, J.).

[6] The Third Circuit Court of Appeals heard oral argument regarding this issue on May 11, 2026, based on the government's appeals in Morocho v. Jamison, No. 5:25-CV-05930-JMG, 2025 WL 3296300 (E.D. Pa. Nov. 26, 2025), app. filed sub nom. Morocho v. Warden Phila. FDC, No. 26-1150 (3d. Cir. Jan 22. 2026) and Andrade v. Rose, No. 26-603, 2026 WL 401189 (E.D. Pa. Feb. 12, 2026), app. filed sub nom., De Andrade v. Director Phila. Field Off. Immig., No. 26-1454 (3d Cir. Mar. 2, 2026).

two statutory provisions, the court concludes that Section 1226(a), not Section 1225(b)(2)(A), applies to petitioner's detention.[7]

Under Section 1226(a), a noncitizen in removal proceedings *may* be detained pending a decision on removal. 8 U.S.C. § 1226(a).  However, pending a removal decision, the noncitizen also may be released on bond or conditional parole following an individualized hearing before an IJ. 8 U.S.C. § 1226(a)(1)–(2); 8 C.F.R. §§ 236.1(d), 1236.1(d).

As for the constitutional issues raised in Shubham 's petition, it is undisputed in this case that he entered the United States illegally without being initially admitted or paroled.  People who enter this country without legal authorization are not stripped immediately of all their rights because of this single illegal act. See Lozano v. City of Hazleton, 496 F. Supp. 2d 477, 498 (M.D. Pa. 2007), aff'd in part, vacated in part, 620 F.3d 170 (3d Cir. 2010), cert. granted, judgment vacated sub nom. City of Hazleton, Pa. v. Lozano, 563 U.S. 1030 (2011), and aff'd in part, rev'd in part, 724 F.3d 297 (3d Cir. 2013).  That is, the Due Process Clause applies to everyone, including noncitizens, "whether their

---

[7] Shubham is an "applicant for admission" under Section 1225(a), but he is not "seeking admission" because he is not requesting lawful entry into the United States after inspection and authorization. Barbosa da Cunha, 175 F.4th at 78.  Moreover, the government's reading of Section 1225 "defies the statute's context, structure, history, and purpose; contradicts the Supreme Court's dicta in Jennings [v. Rodriguez, 583 U.S. 281 (2018)] and longstanding Executive Branch practice; and its interpretation of the statute raises serious constitutional questions that should be avoided even if the statutory language were ambiguous." Id.

7

presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001).

Shubham has been in ICE custody since November 4, 2025, just shy of eight months. "No person," including the petitioner, "shall…be deprived of life, liberty, or property, without due process of law[.]" U.S. CONST. AMEND. V. "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." Foucha v. Louisiana, 504 U.S. 71, 80 (1992) (citation omitted); see also Zadvydas, 533 U.S. at 721 (Kennedy, J., dissenting) ("both removable and inadmissible aliens are entitled to be free from detention that is arbitrary or capricious.").

Under the facts presented, a consideration of the procedural due process factors in Mathews v. Eldridge, 424 U.S. 319 (1976) supports the conclusion that Shubham's continued imprisonment at FCI Lewisburg pursuant to a mandatory detention statute violates his constitutional rights.[8]

---

[8] Those factors are 1) the private interest that will be affected by the official action; 2) the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional procedural safeguards; and 3) the government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail. Mathews, 424 U.S. at 335. First, petitioner's private interest is the interest in not being physically detained by the government, which "is the most elemental of liberty interests[.]" Hamdi v. Rumsfeld, 542 U.S. 507, 529 (2004). "The restriction of liberty is particularly acute here where, absent a bond hearing, he would be detained for months or even years while his case proceeds." Cunin v. McShane, No. 3:25-CV-1887, 2025 WL 3542999, at *2 (M.D. Pa. Dec. 10, 2025) (Neary, J.) (citation omitted). Second, he has been detained without any

Habeas courts "have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted." Boumediene v. Bush, 553 U.S. 723, 779 (2008).

Under the circumstances presented here, the appropriate remedy is not petitioner's immediate release, but rather a prompt bond hearing before a neutral IJ. Shubham has a criminal history, including state court convictions in Pennsylvania for harassment and disorderly conduct. Whether those convictions, together with the remaining facts and circumstances, establish that Shubham poses a danger to the community or a risk of flight is a determination that must be made by an IJ following an individualized bond hearing. At that hearing, the government shall bear the burden to justify petitioner's continued detention by clear and convincing evidence that petitioner's "continued detention is needed to prevent him from fleeing or harming the community." German

---

apparent procedural safeguards, including the ability to obtain a bond hearing. See id. ("There is a certainty—not merely a risk—that the failure to grant [petitioner] a bond hearing would unlawfully deprive him of the opportunity to make the case for his release and incarcerate him indefinitely."); see also Patel v. O'Neil, No. 3:25-CV-2185, 2025 WL 3516865, at *6 (M.D. Pa. Dec. 8, 2025) (citing Bethancourt Soto v. Soto, No. 25-CV-16200, 807 F. Supp. 3d 397, 409 (D.N.J. 2025)); Quispe, 819 F. Supp. 3d at 372. As to the third consideration, the government has an interest in detaining noncitizens to ensure their appearance at future immigration proceedings and to prevent danger to the community. The government believes that it may vindicate those interests through detention without any individualized determination that this petitioner poses a flight risk or danger. But this goes too far for the reasons discussed in the body of this memorandum.

9

Santos v. Warden Pike Cnty. Corr. Facility, 965 F.3d 203, 214 (3d Cir. 2020) (citation omitted). Given the application of this standard in other contexts, this is the standard that must be applied by the IJ. See id. ("Even so, we see no basis for abandoning the settled rule that when a party stands to lose his liberty, even temporarily, we hold the Government to a higher burden of proof.").

Thus, respondents will be ordered to provide Shubham with a bond hearing within 14 days in accordance with this memorandum.[9]

Consequently, for the reasons set forth above, it is hereby **ORDERED** that:

1) Shubham's petition for writ of habeas corpus, (Doc. 1), is **GRANTED** in part;

2) Shubham's detention is not governed by 8 U.S.C. § 1225(b)(2)(A) and violates his right to due process of law;

3) Respondent shall, **within 14 days of the date of this order,** provide Shubham with an individualized bond hearing in accordance with the analysis in the memorandum order;

---

[9] Shubham's request for attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 is not yet ripe for disposition. The Third Circuit recently confirmed that a habeas proceeding challenging immigration detention under 28 U.S.C. § 2241 is a "civil action" for purposes of the EAJA, 28 U.S.C. § 2412(d)(1)(A), and that the EAJA "unambiguously applies to habeas challenges to immigration detention under 28 U.S.C. § 2241." Michelin v. Warden Moshannon Valley Corr. Ctr., 169 F.4th 418, 432 (3d Cir. Feb. 2, 2026). Shubham will thus be permitted to file a motion for costs and fees pursuant to the EAJA within 30 days of the entry of judgment. 28 U.S.C. § 2412(d)(1)(B); Villa Hernandez v. Kunes, No. 1:25-CV-01847, 2026 WL 411726, at *7 (M.D. Pa. Feb. 13, 2026) (Wilson, J.).

10

4) If Shubham does not receive a bond hearing within the 14-day period, he shall be released **no later than July 16, 2026 at 12:00 noon** under the same circumstances that existed prior to his detention, including, release: (1) within the area near where petitioner lives or was employed; (2) without the imposition of additional conditions (such as ankle monitors or electronic tracking devices); (3) with all clothing and outerwear worn at the time of the detention or other appropriate attire; and (4) with all personal property, including, but not limited to, any driver's license, passport, immigration documents, currency, or cell phone that was seized at the time of detention and that is currently in their custody, possession, or control, whether maintained directly by respondent or by any contracted or affiliated facility;

5) On or before **July 16, 2026 at 4:00 PM**, respondent shall file a declaration or affidavit pursuant to 28 U.S.C. § 1746 confirming that Shubham has either been provided with a bond hearing or has been released from custody;

6) Shubham may file a motion for attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412 within thirty (30) days of final judgment; and

11

7) The Clerk of Court is directed to **CLOSE** this case.

Date: 7/1/26

BY THE COURT:

_____
JUDGE JULIA K. MUNLEY
United States District Court

12